IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLIN RIDLEY,

Plaintiff,

v.

GENERAL MOTORS, LLC, et al.,

Defendants.

Case No.  2:25-cr-02217-HLT-ADM

**MEMORANDUM AND ORDER**

Plaintiff Carlin Ridley sues Defendant Talascend, LLC. Talascend is one of Plaintiff's former employers. Plaintiff asserts a claim against Talascend for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* Plaintiff also asserts an equitable claim for unjust enrichment under Kansas law and seeks recovery for his unpaid overtime wages as well as other uncompensated benefits he allegedly conferred.

Talascend moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's unjust enrichment claim. Doc. 17. Talascend argues that Plaintiff's equitable unjust enrichment claim is duplicative of and preempted by his FLSA claim and necessarily fails because he's already asserted a legal claim under that federal statute. The Court denies the motion.

**Duplicative Claims.** Talascend's principal argument is essentially that Plaintiff has asserted a legal claim and an equitable claim seeking recovery for the same thing, namely unpaid overtime wages. Talascend continues that legal claims and equitable claims for the same thing are inconsistent because an equitable claim is available only if the plaintiff doesn't have a legal claim.

Talascend is correct that the FLSA gives Plaintiff a federal cause of action to recover unpaid overtime wages. And Talascend is also correct that Plaintiff potentially has a legal remedy for his

unpaid wages and that if that remedy is available no equitable claim for recovery of those wages will lie. But the problem with Talascend's argument is that it ignores the plain text of Rule 8.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a challenge to the complaint's sufficiency in establishing a plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the rules governing pleading expressly permit parties to assert as many claims as they have even if those claims are inconsistent with one another. Fed. R. Civ. P. 8(d)(3). This embrace of inconsistency is consistent with the spirit of liberal and non-technical pleading found in the Federal Rules. Indeed, Rule 8's permissiveness reflects a desire to "avoid the constrictions of earlier [common law and code] practice" and "liberate pleaders from the inhibiting requirement of the law's insistence on technical consistency." 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc., § 1283 (4th ed., May 2025 update). After all, it's frequently the case that a party is bound to "assert contradictory statements when he . . . legitimately is in doubt about the . . . legal bases that underlie [his theory of] affirmative recovery." *Id.*

The point is this: the Federal Rules don't necessarily prohibit pleading internally inconsistent claims. And plaintiffs are often permitted to assert equitable claims where the plaintiff can plead an entitlement to relief for the same alleged wrong at law and at equity simultaneously, even if an element of the equitable claim is the absence of a legal remedy. *See, e.g.*, *Rezac Livestock Comm'n Co. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1175 (D. Kan. 2017) (explaining that the plaintiff's unjust enrichment claim was not foreclosed by its breach of contract claim because Rule 8(d) permitted assertion of the claims alternatively). *But see, e.g.*, *Rukavitsyn v. Sokolov Dental Labs.*, 2012 WL 3066578, at *6 (D. Kan. 2012) (dismissing quantum meruit claim because the court denied the defendant's motion to dismiss an alternative state law legal claim under the KWPA). Talascend has not admitted liability under the FLSA for Plaintiff's allegedly unpaid

overtime wages. And the Court has not weighed in on the FLSA claim's legal sufficiency. Plaintiff is permitted to plead and maintain unjust enrichment as an alternative theory of recovery at this stage of the case. The Court denies its motion to dismiss on this issue.

**FLSA Preemption.** Talascend's briefing also invokes preemption. It occasionally refers to preemption and cites to an earlier opinion from another court in this district that deals with FLSA preemption. But it seems that Talascend invokes preemption merely to buttress its argument on duplicative claims because Talascend doesn't develop its preemption argument in any meaningful way. It doesn't say what type of preemption is at work here (e.g., express, field, conflict) or offer any systematic analysis of the FLSA or the statutory and regulatory scheme it creates. *See Kansas v. Garcia*, 589 U.S. 191, 202-03 (2020) (discussing preemption). And Talascend appears to conflate preemption—which comes from Article VI of the Constitution's instruction that state law must yield to federal law when the two clash—with equity's requirement that legal remedies be absent before an equitable claim may lie.

Given the lack of development on an issue for which it carries the burden, *see* Fed. R. Civ. P. 8(c)(1), the Court denies Talascend's standalone preemption argument (to the extent one is made). Preemption in this area is fraught, complex, and unsettled. The Court's own research reveals that appellate courts appear split.[1] The Tenth Circuit hasn't picked a side.[2] And (as the briefing notes but does not develop) courts within this district have adopted views in tension with

---

[1] *Lewis v. MHM Health Prof'ls, LLC*, 696 F. Supp. 3d 707, 722 (E.D. Mo. 2023) (collecting cases and describing the split of authority).

[2] The Court notes *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997). *Conner* affirmed the district court's decision on summary judgment that the plaintiff could not pursue a common law tort claim for retaliatory discharge when he had adequate remedies available to him under the FLSA. *Conner*'s holding is not based on preemption. It is instead based on an interpretation of the scope of a public policy exception to the state's employment-at-will doctrine. *Conner* concluded that the remedy available under the FLSA was broad enough. And, as a consequence, the plaintiff's attempt to pursue a supplemental common law claim was not permitted as a matter of Kansas state law. *Id.*

one another. *Compare Tommey v. Computer Scis. Corp.*, 2013 WL 1000659, at *2-3 (D. Kan. 2013) (claims seeking relief duplicative of that which was provided under the FLSA are preempted), *with Florece v. Jose Pepper's Rests., LLC*, 2021 WL 722822, at *5 (D. Kan. 2021).[3]

The Court is not under an obligation to take up this cursory argument and search out theories and authorities not presented by the parties. *Caplinger v. Medtronic*, 784 F.3d 1335, 1342 (10th Cir. 2015) (Gorsuch, J.). And the Court is "especially hesitant to try that here, where [Talascend is] ably represented by counsel and the effort to supplement their efforts would require [the Court] to venture into a field in which so many others who've come before have struggled to find their way and there exists so much risk of going astray." *Id.* The Court therefore concludes that Talascend has not shown that its preemption defense is compelled by the law. To the extent Talascend is asserting such a defense in its motion, then, it has failed to carry its burden.

THE COURT THEREFORE ORDERS that Talascend's Rule 12(b)(6) motion to dismiss (Doc.17) is DENIED.

IT IS SO ORDERED.

Dated: September 26, 2025            /s/ *Holly L. Teeter*
                                     HOLLY L. TEETER
                                     UNITED STATES DISTRICT JUDGE

---

[3] Although not stated, it seems the argument is that the potential for overlapping remedies between the FLSA and non-statutory equitable claims is a type of implied conflict. But the mere possibility of overlapping remedies doesn't necessarily create a preemption issue. *Garcia*, 589 U.S. at 211-212. To be sure, courts in this district have held that the FLSA preempts non-statutory Kansas state law claims when their remedies are identical. *See Tommey*, 2013 WL 1000659, at *2. But these cases appear to simply assume that preemption concerns are implicated when there is overlap between the remedies afforded under state and federal law. These cases do not appear to back up this assumption with controlling authority. And the Court questions whether they are in tension with the Supreme Court's subsequent discussion of conflict preemption in *Garcia*. *See Florece*, 2021 WL 722822, at *5.